UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| The Painters and Allied Trades District Council No. 82 Health Care Fund, the Painters and Allied Trades District Council No. 82 Vacation Fund, the Painters and Allied Trades District Council 82 STAR Fund, the International Painters and Allied Trades Industry Pension Fund, the Minneapolis Local 386 Drywall Finishing Industry Pension Fund, the Minnesota Finishing Trades Training Fund, the National Painting, Decorating, and Drywall Apprenticeship Committee, and the St. Paul Painting Industry Pension Fund, and their Trustees and successors,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Andrea Pretasky d/b/a Pretasky Painting,<br><br>　　　　　Defendant. | Civil File No.: 10-cv-03886 (JNE/SRN)<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

FRANKLIN L. NOEL, United States Magistrate Judge

　　This matter is before the Court on Plaintiffs' Motion for Entry of Judgment (Doc. No. 8). This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a). (See Order of 10/20/10, Doc. No. 14.) At the December 20, 2010 hearing on Plaintiffs' motion, Michael P. Eldridge of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

1

## FINDINGS OF FACT

1. Plaintiffs filed the Summons and Complaint in this matter on September 9, 2010. The Summons and Complaint were also personally served upon Defendant Andrea Pretasky d/b/a Pretasky Painting ("Pretasky") on September 9, 2010.

2. Pretasky failed to file and serve a response or Answer to the Summons and Complaint.

3. The Clerk entered default on October 5, 2010.

4. Plaintiffs are Trustees and fiduciaries of the Painters and Allied Trades District Council No. 82 Health Care Fund, the Painters and Allied Trades District Council No. 82 Vacation Fund, the Painters and Allied Trades District Council 82 STAR Fund, the International Painters and Allied Trades Industry Pension Fund, the Minneapolis Local 386 Drywall Finishing Industry Pension Fund, the Minnesota Finishing Trades Training Fund, the National Painting, Decorating, and Drywall Apprenticeship Committee, and the St. Paul Painting Industry Pension Fund (the "Funds").

5. The Funds are multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5).

6. The Funds, with the exception of the Painters and Allied Trades District Council 82 STAR Fund, are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

7. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

8. At all times material herein, Pretasky accepted and agreed to be bound to the terms of a Collective Bargaining Agreement between the Minnesota Painting and Wallcovering Employers Association and the Painters and Allied Trades District Council No. 82 of Minnesota and the International Union of Painters and Allied Trades, AFL-CIO ("Collective Bargaining Agreement") by virtue of Pretasky's execution of the Collective Bargaining Agreement.

9. The Collective Bargaining Agreement contains an automatic renewal, or "evergreen", clause, which provides that the Collective Bargaining Agreement will continue in full force and effect from year to year unless written notice of desire to change, cancel, or terminate the Agreement is served by one party upon the other not less than 60 and not more than 90 days prior to its expiration.

10. In this case, neither party has served a written notice of a desire to change, cancel, or terminate the Collective Bargaining Agreement, and therefore the Collective Bargaining Agreement has been renewed on a year-to-year basis since April 30, 2004.

11. The Collective Bargaining Agreement requires Pretasky to submit contributions to the Funds in the amount per hour specified in the Collective Bargaining Agreement for each hour worked by Pretasky's employees covered by the Collective Bargaining Agreement.

12. The Collective Bargaining Agreement further requires Pretasky to submit the required contributions to the Funds on the first day of the following month for which contributions are due. An employer whose contributions are not made by the fifteenth day of the following month is considered delinquent.

13. Pretasky breached the terms of the Collective Bargaining Agreement by failing to timely submit fringe fund contributions for the months of May 2010 through August 2010 ("Delinquency Period").

14. According to the fringe fund reports untimely submitted by Pretasky to the Funds, and by her own admission, $60,480.52 was due and owing for fringe fund contributions for the Delinquency Period.

15. After the Funds filed their current lawsuit, Pretasky submitted payments totaling $60,480.52 for the Delinquency Period, and for which Pretasky is entitled to a credit.

16. The Collective Bargaining Agreement states that whenever a dispute arises as to whether an employer has made payments in accordance with the Collective Bargaining Agreement, the Trustees have to right at any reasonable time to examine the employer's payroll and employment records, and any other records deemed necessary to determine the employer's compliance with the Collective Bargaining Agreement.

17. The Trustees' authorized agent requested a complete set of Pretasky's payroll and employment records for the period October 2008 to December 2009 ("Audit Period").

18. Pretasky produced her payroll and employment records for the Audit Period. The Trustees' authorized agent reviewed the records produced by Pretasky to determine whether she complied with her contribution obligations to the Funds as set forth in the Collective Bargaining Agreement.

19. In conducting the audit, the Trustees' authorized agent determined that there were hours worked by Pretasky's employees covered by the Collective Bargaining Agreement for which contributions were not made to the Funds, and created an audit invoice setting forth these contributions.

20. Specifically, the Funds' authorized agent determined that $12,164.84 was due and owing the Funds for delinquent contributions for the Audit Period.

21. After the Funds filed their current lawsuit, Pretasky submitted partial payments totaling $7,612.12 for the Audit Period, and for which she is entitled to a credit.

22. The Collective Bargaining Agreement states that delinquent employers are also subject to a liquidated damages assessment equal to ten percent of the contributions due and owing.

23. Currently, $1,216.48 is due and owing the Funds for liquidated damages for the Audit Period.

24. In addition, $6,048.05 is due and owing the Funds for liquidated damages in relation to the delinquent contributions for the Delinquency Period.

25. The Collective Bargaining Agreement requires delinquent employers to pay all costs of collection incurred by the Funds, including all attorneys' fees and court costs.

26. The Funds incurred attorneys' fees and costs in pursuing this delinquency in the amount of $2,008.90. These attorneys' fees and costs were reasonable under the circumstances and limited to performing those services necessary for the prosecution of the Funds' claims.

27. The total amount due and owing the Funds for both the Delinquency Period and the Audit Period for delinquent contributions, liquidated damages, and attorneys' fees and costs is $13,826.15.

28. Defendant was served with Notice of Plaintiffs' Motion for Entry of Judgment, along with the motion, memorandum and supporting documents, on October 28, 2010.

## **CONCLUSIONS OF LAW**

1. Pretasky is in default and the Funds are entitled to entry of judgment.

2. Pretasky owes the Funds $4,552.72 for remaining delinquent fringe fund contributions for the Audit Period.

3. Pretasky owes the Funds $6,048.05 for liquidated damages relating to the Delinquency Period.

4. Pretasky owes the Funds $1,216.48 for liquidated damages relating to the Audit Period.

5. Pretasky owes the Funds $2,008.90 for attorneys' fees and costs.

## **RECOMMENDATION**

**IT IS RECOMMENDED THAT:**

1. Plaintiffs' Motion for Entry of a Default Money Judgment be granted.

2. Judgment, in the amount of $13,826.15, be entered against Andrea Pretasky d/b/a Pretasky Painting and in favor of Plaintiffs.

Dated: December 20, 2010                 BY THE COURT:

                                                         s/Franklin L. Noel
                                                         The Honorable Franklin L. Noel
                                                         United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **January 6, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.