UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Painters and Allied Trades District Council
No. 82 Health Care Fund, the Painters and
Allied Trades District Council No. 82 Vacation Fund,
the Painters and Allied Trades District Council 82
STAR Fund, the International Painters and Allied
Trades Industry Pension Fund, the Minneapolis
Local 386 Drywall Finishing Industry Pension Fund,
the Minnesota Finishing Trades Training Fund,
the National Painting, Decorating, and Drywall
Apprenticeship Committee, and the St. Paul
Painting Industry Pension Fund, and their
Trustees and successors,

        Plaintiffs,

v.                                                                                Civil No. 10-3886 (JNE/SER)
                                                                                  ORDER
Andrea Pretasky d/b/a Pretasky Painting,

        Defendant.

    This case is before the Court on Plaintiffs' motion for default judgment.  On September 9, 2010, Plaintiffs filed the complaint initiating this case.  Defendant Andrea Pretasky, who is pro se, was personally served with a summons and copy of the complaint on that same day.  On October 5, 2010, the Clerk of Court entered Defendant's default.  On October 28, 2010, Plaintiffs filed a motion for default judgment.  Defendant did not respond.  On December 20, 2010, the Honorable Franklin L. Noel, United States Magistrate Judge, held a hearing on Plaintiffs' motion.  Defendant did not appear.  In a Report and Recommendation issued that same day, the magistrate judge recommended granting Plaintiffs' motion for default judgment.  On January 6, 2011, Defendant appeared for the first time in this case and timely objected to the Report and Recommendation.  *See* D. Minn. LR 72.2(b).  Plaintiffs did not respond.  The Court has

1

conducted a de novo review of the record.  Based on that review, the Court adopts the Report and Recommendation and concludes that default judgment should be entered in Plaintiffs' favor.

Plaintiffs are trustees and fiduciaries of various employee funds, which are multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to the Labor Management Relations Act of 1947.  All of the funds, except the Painters and Allied Trades District Council 82 STAR Fund, must be administered in accordance with the provisions of the Employee Retirement Income Security Act.  Plaintiffs allege that Defendant was required to remit money to the funds pursuant to a collective bargaining agreement and that Defendant failed to remit $72,645.36 owed to the funds for the periods of October 2008 through December 2009 and May 2010 through August 2010.  Plaintiffs admit, however, that Defendant paid all but $4,552.72 of that amount to Plaintiffs after this lawsuit was filed.  Accordingly, Plaintiffs ask for a default judgment covering the unpaid amount, as well as liquidated damages and attorney fees, which Plaintiffs claim are due to them under the collective bargaining agreement, all totaling $13,826.15.

In her objections, Defendant makes various unsworn assertions, including that the bad economy negatively affected her business; that in the past Defendant overpaid the funds; that certain hours allegedly worked were not worked; that two days before this lawsuit was filed James Wilson, allegedly the "D.C. #82 Fund Administrator," told Defendant that Plaintiffs were going to sue her but the lawsuit would not go forward if she paid what was owed to the funds; and that on September 13, 2010, Mark Christianson, allegedly a "business representative" for the Painters and Allied Trades District Council No. 82, told her that any lawsuit would not go forward if she paid.

"Default judgment for failure to defend is appropriate when the party's conduct includes willful violations of court rules, contumacious conduct, or intentional delays.  On the other hand, default judgment is not an appropriate sanction for a marginal failure to comply with time requirements." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996).  Defendant's first response to this lawsuit came nearly four months after the complaint was filed, and over two months after the motion for default judgment was filed.  Defendant does not allege that she was not served with the complaint or motion.  In fact, the record indicates that she was personally served with the complaint and was served by first-class mail with the motion.  (Executed Summons, Sept. 10, 2010; Certificate of Service, Oct. 28, 2010)  Accordingly, the Court concludes that Defendant's failure to respond until this late hour was intentional.  Defendant's pro se status does not excuse her failure to participate in this lawsuit in a timely fashion.  "In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."  *Ackra Direct Mktg.*, 86 F.3d at 856.

The Court notes that Defendant has been fully credited with the amounts that she paid to Plaintiffs after this lawsuit began.  Further, Defendant points to no provision in the collective bargaining agreement supporting the conclusion that she does not owe the unpaid $4,552.72, and nothing she asserts suggests that Plaintiffs are not entitled to liquidated damages and attorney fees.  Bearing this in mind, further proceedings here would cause Plaintiffs to incur additional legal fees and costs, likely increasing Defendant's liability.

Based on a de novo review of the record, the Court adopts the Report and Recommendation [Docket No. 17].  Therefore, IT IS ORDERED THAT:

1. Plaintiffs' motion for default judgment [Docket No. 8] is GRANTED.

2. Judgment, in the amount of $13,826.15, be entered against Andrea Pretasky d/b/a Pretasky Painting and in favor of Plaintiffs.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 11, 2011

s/  Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge